840 A.2d 897 (2004)
366 N.J. Super. 135
Francesca BUSCIGLIO, Plaintiff-Respondent,
v.
Grace DELLAFAVE and Christopher Finn, Defendants/Third Party Plaintiffs-Appellants,
v.
Enzo BUSCIGLIO, Dolores Depiazza, Century 21 Eudan Realty, Aldo Merendino and Prudential Merendino Realty,[1] Third-Party Defendants.
Superior Court of New Jersey, Appellate Division.
Argued December 10, 2003.
Decided January 29, 2004.
Michael A. Casale argued the cause for appellants. *898 Mark D. Madaio, Bergenfield, argued the cause for respondent.
Before Judges KESTIN, AXELRAD and LARIO.
The opinion of the court was delivered by LARIO, J.A.D.
Defendants, mother and son, appeal from the trial court's order of May 20, 2002, granting plaintiff summary judgment. The court ordered defendants to specifically perform the contract for the sale of their jointly-owned real estate to plaintiff. We reverse and remand for a plenary trial.
Defendants raise the following issues on appeal:
POINT ONE
THE TRIAL COURT ERRED IN FINDING THAT THE PARTIES HAD CREATED A NEW CONTRACT OF SALE.
A. THE BROKER-PREPARED CONTRACT WAS DISAPPROVED.
B. THE ATTORNEYS DID NOT HAVE AUTHORITY TO BIND THEIR CLIENTS.
C. NO MEETING OF THE MINDS WAS REACHED BY THE PARTIES SUFFICIENT TO FORM A NEW CONTRACT.
POINT TWO
THE TRIAL COURT ERRED IN APPLYING THE STANDARD OF REVIEW ON A MOTION FOR SUMMARY JUDGMENT.
POINT THREE
THE TRIAL COURT'S RULING DEPRIVED DEFENDANTS OF THEIR RIGHT TO CANCEL THE CONTRACT PURSUANT TO THE ATTORNEY REVIEW CLAUSE.
On December 6, 2000, plaintiff, an interested purchaser, and defendant Grace DellaFave, a co-owner with her son, defendant Christopher Finn, signed a contract for the sale of defendants' residential property located at 26 Springfield Avenue, Hasbrouck Heights.[2] A real estate broker had prepared the contract of sale and, on the same day that it was signed by plaintiff and defendant DellaFave, it was faxed to plaintiff's attorney, Salvador Sclafani, with a notation that Dean Lynch, represented the sellers. Defendant Finn did not sign the agreement until December 9, 2000.
The contract of sale contained a standard attorney-review clause allowing the buyer and seller to have an attorney review the contract of sale within a three-day period. After reviewing the contract of sale, if the attorney disapproved the contract, the reviewing attorney was required to notify the realtor and the other party named in the contract within the three-day period. If no disapproval was received within three days, then the contract became legally binding as written.
On December 8, 2000, Sclafani wrote to Lynch expressly disapproving the contract of sale. He proposed an amendment in the form of a contract rider, and signed it as the attorney "for Francesca Busciglio." The amendment to the contract was prepared with a reference to "sellers", but only one signature line was set forth on the amendment for defendant DellaFave. Sclafani's letter of December 8, 2000 referred to the proposed amendment to the contract of sale which "has been executed by me on behalf of the purchaser." Sclafani submitted the proposed amendment for Lynch's "review and [his] clients' approval." *899 Sclafani also stated that he would accept Lynch's signature on behalf of his clients "to expedite conclusion of the attorney review." Sclafani then stated that he was instructing his client to forward $18,500 to Lynch for deposit to his trust account. His letter continued: "I ask that you do not deposit same until the amendment has been signed by you and your clients." (Emphasis supplied.)
On December 11, 2000, Lynch corresponded with Sclafani indicating that he had not seen the completed contract of sale. Nevertheless, Lynch proposed a series of changes to both the contract of sale and plaintiff's rider, which he faxed to Sclafani. On the same day, Sclafani signed Lynch's December 11, 2000 letter containing the proposed changes as "approved" and faxed the letter back to Lynch.
On December 12, 2000, Lynch sent a letter to Sclafani acknowledging that he had received the completed agreement of sale (by that time signed by both sellers). Lynch also signed and returned plaintiff's rider, "signed by me [Lynch] on behalf of my client noting it is subject to my letter of December 11, 2000 [which] you have approved." Lynch's letter also included additional changes to the agreement of sale that Sclafani and Lynch had agreed upon orally.
On December 13, 2000, Lynch wrote to Sclafani to advise him that "my client has requested that I not revive the contract of sale."
The record reveals that neither Sclafani nor Lynch had obtained a written retainer agreement setting forth the scope of either attorney's representation. Furthermore, at no point throughout the course of their negotiations, did plaintiff or defendants sign any of the changes to the contract of sale or execute a power of attorney appointing her or their respective lawyer as attorney-in-fact.
Plaintiff sued defendants for specific performance of the amended contract of sale. Defendants moved for summary judgment dismissing plaintiff's complaint. Plaintiff's cross-motion for summary judgment sought specific performance of the amended contract plaintiff contended had been consummated. On May 20, 2002, the motion judge denied defendants' motion and granted plaintiff's cross-motion for specific performance.
In reviewing an order for summary judgment, we employ the same standard that governs the trial court. Prudential Prop. & Cas. Ins. Co. v. Boylan, 307 N.J.Super. 162, 167, 704 A.2d 597 (App. Div.1998). Brill v. Guardian Life Ins. Co., 142 N.J. 520, 523, 666 A.2d 146 (1995) provides a current analysis of that standard:
[W]hen deciding a motion for summary judgment under Rule 4:46-2, the determination whether there exists a genuine issue with respect to a material fact challenged requires the motion judge to consider whether the competent evidential materials presented, when reviewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party. This assessment of the evidence is to be conducted in the same manner as that required under Rule 4:37-2(b).
The motion judge correctly determined that the essential terms of a contract were developed from the letters written between Sclafani and Lynch. Sclafani terminated the contract of sale by disapproving it in his letter of December 8, 2000. There was no requirement for Sclafani *900 to direct his letter of disapproval to defendants if they were represented by an attorney who had the apparent authority to accept a disapproval of the contract on their behalf. See Lobiondo v. O'Callaghan, 357 N.J.Super. 488, 497, 815 A.2d 1013 (App.Div.) certif. denied, 177 N.J. 224, 827 A.2d 291 (2003); see also Legge Indus. v. Jospeh Kushner Hebrew Acad., 333 N.J.Super. 537, 560, 756 A.2d 608 (App.Div.2000). The broker-prepared contract of sale, signed by plaintiff and defendant DellaFave, was forwarded by the broker to Sclafani with the advice that the defendant sellers were represented by Lynch. Defendants do not dispute Lynch's authority to accept Sclafani's disapproval letter on their behalf.
In accordance with the terms of the attorney-review clause, the buyer's attorney abrogated the broker-prepared contract of sale. Once the buyer's attorney abrogated the contract, the attorney-review clause no longer applied. It is not the realtor, but it is the attorney, who is the efficient cause of the contract's revival through its amendatory terms.
The rider to the contract of sale, which was prepared by Sclafani, and was forwarded with his December 8, 2000 disapproval letter to Lynch, constituted an offer. Lynch's modifications set forth in his letter of December 11, 2000 constituted a counteroffer. Sclafani approved the December 11, 2000 letter and, on December 12, 2000, Lynch's letter to Sclafani confirmed the agreement, prior to his client's rejection of its terms, which did not occur until December 13, 2000.
At issue is whether Lynch had the authority to bind defendants to the contract. Had defendants expressly authorized their attorney to bind them to the terms of the amended contract of sale, specific performance appropriately would have been granted. However, the trial court did not address the issue of express authority. The court's grant of summary judgment was developed upon the underpinning of apparent authority. The motion judge concluded:
In the case at bar, by engaging in ongoing contract negotiations with Sclafani regarding the sale of his clients' home, Lynch raised a presumption that his clients had imbued him with apparent authority to negotiate on their behalf. At all times, Lynch did nothing to dispel this presumption.
The motion judge incorrectly focused upon the actions of Lynch, the agent, rather than the actions of defendants, the principals, to support his finding of apparent authority. Apparent authority must be established clearly and convincingly by the actions of the principals, not of the alleged agent. Lobiondo, supra, 357 N.J.Super. at 496-497, 815 A.2d 1013. The trial court erred in its finding that there was no competent evidence of an issue of material fact that would decide the question of apparent authority in favor of defendants. The record reflected an intent on the part of the attorneys themselves to have their clients' signatures on an amended contract of sale. Indeed, Lynch, in response to plaintiff's cross-motion, certified that he did not have defendant Finn's authority to bind him to the contract of sale.
The trial court must determine, in a plenary trial, whether the defendants had either expressly or implicitly authorized Lynch to bind them to the amended contract of sale.
Reversed and remanded.
NOTES
[1] The third-party defendants were dismissed from this action without prejudice, and are not engaged in this appeal.
[2] The parties presented the motion judge with a "list of stipulated facts" upon which he based his decision and which we consider on this appeal.