NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-2847-14T4

AIT GLOBAL INC.,

    Plaintiff-Appellant,

v.

PANKAJ YADAV,

    Defendant-Respondent.

_____

APPROVED FOR PUBLICATION

June 6, 2016

APPELLATE DIVISION

Argued April 19, 2016 — Decided June 6, 2016

Before Judges Reisner, Hoffman and Whipple.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-4211-14.

Michael J. Lauricella argued the cause for appellant (Archer & Greiner, P.C., attorneys; Patrick Papalia, of counsel and on the briefs; Mr. Lauricella, on the briefs).

Jeremy Esakoff argued the cause for respondent (Esakoff, Jaggi & Patel, L.L.C., attorneys; Mr. Esakoff, on the brief).

The opinion of the court was delivered by

WHIPPLE, J.A.D.

Plaintiff appeals two January 9, 2015 orders and a judgment dated February 6, 2015.  The sole question on appeal is whether

plaintiff, a temporary help service firm (THSF), is required to be licensed as an employment agency pursuant to the Private Employment Agency Act (the Act), <u>N.J.S.A.</u> 34:8-43 to -66, in order to enforce an employment agreement with defendant. Because we conclude that registration, rather than licensing, is required for a THSF to enforce an employment agreement pursuant to the Act, we reverse and remand.

I.

Plaintiff is a New Jersey corporation registered with the New Jersey Division of Consumer Affairs as a THSF, providing short-term information technology (IT) consultants. On November 4, 2013, plaintiff hired defendant as an IT consultant to perform software consulting services for plaintiff's customers. The parties entered into an employment agreement. The agreement contained a term provision, an early termination provision, and a restrictive covenant. The term provision states that:

> The initial term of this Agreement shall be for twelve (12) working months commencing on the date the Employee arrives at the Company and begins working on a Company assignment or project (the "Commencement Date"), and expiring one (1) year after the Commencement Date (the "Termination Date") . . . .

The early termination provision states:

> The Employee agrees that if the Employee terminates this Agreement prior to the Commencement Date [or] Termination Date . . . the Employee will pay the Company a

> sum of Three Thousand Dollars ($3,000.00) for every month remaining on the [initial term] as a liquidated damages sum for the breach of this provision only which is in addition to any other damages the Company may seek for a breach of any other provision in this Agreement . . . .

Finally, the restrictive covenant provides:

> Employee agrees that during the term of this agreement and a period of one (1) year following the termination of the Employee's employment or one (1) year following the Termination Date of this Agreement, whichever is later, the Employee shall not directly or indirectly, on behalf of any individual or entity, be employed by any Company client, vendor, broker, end-client, end-user or any entity introduced to the Employee by the Company or any entity that Employee provided services for or through pursuant to Employee's obligations under this Agreement.

On May 12, 2014, approximately five months before the conclusion of defendant's initial twelve-month term, defendant sent an email to plaintiff, indicating he was resigning and giving two weeks' notice. Plaintiff filed suit, seeking to recover liquidated damages pursuant to the early termination provision of the employment agreement. Plaintiff's complaint asserted claims of breach of contract, tortious interference, breach of the duty of good faith and fair dealing, unjust enrichment, and breach of the duty of loyalty.

Defendant filed an answer and counterclaim, asserting that the employment agreement was unenforceable and seeking legal

fees and costs associated with defending against plaintiff's lawsuit, based on the premise that plaintiff violated the Consumer Fraud Act by including "improper and/or fraudulent" provisions in the employment agreement. On October 24, 2014, defendant moved for summary judgment, seeking dismissal of plaintiff's claim and judgment on his counterclaim. Plaintiff subsequently filed cross-motions in support of amending its complaint and in support of summary judgment.

On January 9, 2015, the motion judge entered two dispositive orders. The first order dismissed plaintiff's complaint with prejudice and entered judgment for defendant on his counterclaim. Citing N.J.S.A. 34:8-45 and 34:8-46(h), the motion judge concluded that the employment agreement was unenforceable because plaintiff was not licensed as an employment agency at the time the cause of action arose. The motion judge's second order denied plaintiff's cross-motions for substantially the same reason.[1] This appeal followed.

## II.

Because this issue comes to us following the adjudication of motions for summary judgment, we "employ the same standard [of review] that governs the trial court." Henry v. Dep't of

---

[1] In connection with the counterclaim, the motion judge awarded defendant $5,875 in legal fees and $230 in costs.

Human Servs., 204 N.J. 320, 330 (2010) (alteration in original) (quoting Busciglio v. DellaFave, 366 N.J. Super. 135, 139 (App. Div. 2004)). Summary judgment should be granted only if the record demonstrates there is "no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c); Henry, supra, 204 N.J. at 330; Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 529 (1995). "An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." R. 4:46-2(c); Henry, supra, 204 N.J. at 329-30. Moreover, where, as here, there is no genuine dispute of fact the trial court's ruling on the legal question is "not entitled to any special deference." Manalapan Realty L.P. v. Manalapan Twp., 140 N.J. 366, 378 (1995); see also Henry, supra, 204 N.J. at 330; Perrelli v. Pastorelle, 206 N.J. 193, 199 (2011).

Plaintiff asserts the motion judge erred in dismissing its complaint and granting defendant's motion because: the licensure requirements for employment agencies do not apply to THSFs, and it did not violate the Act. We agree.

Plaintiff's appeal hinges on our interpretation of N.J.S.A. 34:8-43 to -66. When interpreting a statute, we must give the relevant statutory language its ordinary meaning and construe it "in a common-sense manner." State ex rel. K.O., 217 N.J. 83, 91 (2014) (citations omitted); see also N.J.S.A. 1:1-1 (stating that the words of a statute are customarily construed according to their generally accepted meaning). We do not add terms which may have been intentionally omitted by the Legislature; nor do we speculate or otherwise engage in an interpretation which would contravene the statute's plain meaning. DiProspero v. Penn, 183 N.J. 477, 492-93 (2005). Where plain language "leads to a clear and unambiguous result, then the interpretive process should end, without resort to extrinsic sources." State v. D.A., 191 N.J. 158, 164 (2007).

The Act's primary purpose is to "alleviate abuses in the employment-agency industry," Accountemps Div. of Robert Half, Inc. v. Birch Tree Grp., Ltd., 115 N.J. 614, 623 (1989). The Act prohibits "deceptive or otherwise unfair practices when dealing with both job seekers and employers." Data Informatics v. Amerisource Partners, 338 N.J. Super. 61, 71 (App. Div. 2001) (quoting A. 3018, 203rd Leg., 2d Sess. (N.J. 1989)). The remedial purpose of the Act is served by requiring licensure or registration of entities whose activities are regulated by the

Act. Id. at 71-72; Accountemps, supra, 115 N.J. at 623. An entity subject to the Act's provisions cannot maintain a lawsuit to collect a fee from a job seeker or an employee unless the entity can prove that it met the Act's licensure/registration requirement. N.J.S.A. 34:8-45 ("A person shall not bring or maintain an action in any court of this State for the collection of a fee . . . without alleging and proving licensure or registration, as appropriate, at the time the alleged cause of action arose."). With regard to this requirement, the Act makes a distinction between two types of entities: employment agencies and THSFs.

The Act defines an "[e]mployment agency" as "any person who, for a fee, charge or commission: . . . (2) [s]upplies job seekers to employers seeking employees on a part-time or temporary assignment basis who has not filed notification with the Attorney General pursuant to the provisions of [N.J.S.A. 56:8-1.1]." N.J.S.A. 34:8-43. In turn, N.J.S.A. 56:8-1.1, which is part of the Consumer Fraud Act, imposes notification, registration fee, and bonding requirements on THSFs.

The Act defines a THSF as "any person who operates a business which consists of employing individuals directly or indirectly for the purpose of assigning the employed individuals to assist the firm's customers in the handling of the customers'

temporary, excess or special workloads . . . ." N.J.S.A. 34:8-43. In contrast to an employment agency, "[a THSF] is required to comply with [N.J.S.A. 56:8-1.1]." N.J.S.A. 34:8-43.

Employment agencies must obtain a license, which requires them to demonstrate compliance with extensive statutory and regulatory criteria. See N.J.S.A. 34:8-48; N.J.A.C. 13:45B-2.1(a). By contrast, THSFs only need to obtain registration, which is a significantly less-stringent process than obtaining licensure. See N.J.S.A. 56:8-1.1. Defendant asserts that plaintiff needed to be licensed as an employment agency — as opposed to merely registered as a THSF — in order to bring suit to enforce the employment contract in this case. In support of that argument, defendant cites to the following section of the Act, which states in relevant part:

> The provisions of this act shall not apply to:
>
> . . . .
>
> h. Any [THSF] which does not:
>
> (1) Charge a fee or liquidated charge to any individual employed by the firm or in connection with employment by the firm;
>
> (2) Prevent or inhibit, by contract, any of the individuals it employs from becoming employed by another person . . . .
>
> [N.J.S.A. 34:8-46(h).]

Defendant argues this provision means that THSFs that are not licensed as employment agencies "are proscribed . . . from imposing restrictive covenants on their workers and from seeking liquidated damages," and that contracts between merely registered, but non-licensed, THSFs and their employees are unenforceable if they contain a restrictive covenant or liquidated damages provision.

We disagree. We note that this is an issue of first impression in this court, although the issue was previously addressed by Judge Douglas Wolfson, in his well-reasoned opinion in Logic Planet, Inc. v. Uppala, 442 N.J. Super. 488 (Law Div. 2015). Like the court in Logic Planet, we conclude that defendant's interpretation is contrary to the plain language of the statute. Nowhere in the Act does the Legislature suggest that registered THSFs cannot include enforceable restrictive covenants and liquidated damages provisions in employment contracts. Rather, N.J.S.A. 34:8-46(h) merely exempts THSFs from the Act's purview if they do not impose restrictive covenants and liquidated damages provisions on their employees. The only conclusion that can be drawn from a plain reading of N.J.S.A. 34:8-46(h) is that, because plaintiff included a restrictive covenant and liquidated damages provision in the employment agreement with defendant, it is subject to those

provisions of the Act that apply to THSFs, including the registration requirement.

Plaintiff did not violate that requirement. Contrary to defendant's implicit argument, the Act does not require every entity subject to the Act to be licensed as an employment agency in order to bring suit; rather, it requires every entity subject to the Act to "prov[e] licensure or registration, as appropriate, at the time the alleged cause of action arose." N.J.S.A. 34:8-45(b) (emphasis added). In other words, the Act requires employment agencies to be licensed, and THSFs to be registered, in order to bring actions to enforce contracts made with their employees. Had the Legislature intended to impose a licensing requirement upon THSFs that included non-compete and liquidated damages clauses in their contracts, it would not have differentiated between those entities for which it mandated licensing and those for which it only mandated registration.[2]

Indeed, this is precisely what has been done in the context of other entities regulated by the Act. See N.J.A.C. 13:45B-13.6a (requiring licensure as a pre-requisite to health care service firms charging fees or liquidated damages in its

---

[2] The pertinent regulations, adopted by the agency charged with enforcing the Act, provide no mechanism allowing THSFs to obtain licensure; THSFs are only provided with a means to register. N.J.A.C. 13B:45B-12.2. By contrast, the regulations require employment agencies to obtain a license. N.J.A.C. 13:45B-2.1.

employment contracts). As the parties do not dispute that plaintiff was a properly-registered THSF, the Act does not preclude plaintiff's suit to enforce the employment agreement it entered into with defendant.

Therefore, we reverse the orders granting defendant's motion for summary judgment and fees and denying plaintiff's cross-motion for leave to file an amended complaint. We remand for further proceedings consistent with this opinion.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2847-14T4