NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1433-15T1

AVALONBAY COMMUNITIES, INC.,

 Plaintiff-Respondent,

v.

BOROUGH OF ROSELAND, MAYOR AND
COUNCIL OF THE BOROUGH OF
ROSELAND, KEVIN ESPOSITO, in his
official capacity as Tax Assessor
of the Borough of Roseland, TOM
JACOBSEN, in his official capacity
as Tax Assessor of the Borough of
Roseland, TOM JACOBSEN, in his
official capacity as Construction
Official of the Borough of Roseland,

 Defendants-Appellants,

and

55 LOCUST AVENUE, LLC,

 Defendant.

 Argued February 8, 2017 - Decided March 2, 2017

 Before Judges Simonelli, Carroll and Gooden
 Brown.

 On appeal from the Superior Court of New
 Jersey, Law Division, Essex County, Docket No.
 L-4801-14.
 Ryan P. Mulvaney argued the cause for
 appellants (McElroy, Deutsch, Mulvaney &
 Carpenter, LLP, attorneys; Mr. Mulvaney, of
 counsel and on the briefs; Andrew Gimigliano,
 on the briefs).

 Robert A. Kasuba argued the cause for
 respondent (Bisgaier Hoff, LLC, attorneys; Mr.
 Kasuba and Michael W. O'Hara, on the brief).

PER CURIAM

 Defendants Borough of Roseland, Mayor and Council of the

Borough of Roseland, Kevin Esposito, and Tom Jacobsen

(collectively the Borough) appeal from a series of Law Division

orders that, taken together, granted summary judgment to plaintiff

AvalonBay Communities, Inc. (AvalonBay) on its complaint in lieu

of prerogative writs. The trial court ruled that AvalonBay is

entitled to a $250,000 credit for a development fee paid by the

prior developer, 55 Locust Avenue, LLC (55 Locust), which was to

be used by the Borough for the sole purpose of providing affordable

housing. For the reasons that follow, we affirm.

 I.

 55 Locust is the prior owner of real property in the Borough

known as Block 13, Lot 32 (the Property). On July 17, 2006, the

Borough Planning Board (Board) granted 55 Locust preliminary and

final site plan approval to construct eighty-two units of age-

restricted townhouse and multi-family residential dwellings on the

 2 A-1433-15T1
Property. The Board memorialized its approval in an August 21,

2006 resolution.

 During the approval process, 55 Locust's representative,

David Marom, sent a letter to the Borough dated May 15, 2006, in

which Marom acknowledged his understanding of the Borough's

requirements associated with the proposed development of the

Property. Marom stated, in relevant part:

 It is our understanding that the Borough
 expects the developer to make payment of an
 impact fee in an amount equal to one per cent
 (1%) of the initial sale price of the property
 in satisfaction of the project's obligation
 to contribute to the Borough's low and
 moderate income housing goals. It is further
 understood that such fee is payable in two
 installments: [fifty percent] of the estimated
 amount payable within [thirty] days after
 receipt of final site plan approval; and the
 remainder payable at the time of the closing
 of the initial sale of each unit, with the
 amount payable at that time to be equal to one
 per cent (1%) of the sale price, minus the
 allocable share of the estimated amount paid
 after site plan approval.

 Based on our current estimates of the
 sales prices of the units in this project, we
 believe that the total amount of the impact
 fee that will be payable will be approximately
 $500,000[]. We are therefore prepared to make
 an initial estimated payment of $250,000[]
 upon receipt of final site plan approval by
 the Roseland Planning Board.

 This correspondence may be considered as
 our formal acceptance of our obligation to
 make such payments, subject to the approval
 of the project as submitted for planning board

 3 A-1433-15T1
 approval, in lieu of any other obligation to
 provide low and moderate income units as a
 part of this project.

 [(Emphasis added).]

 Marom sent a second letter to the Borough on June 7, 2006,

acknowledging 55 Locust's obligation to pay the Borough's one per

cent development fee. The June 7, 2006 letter, although similar

to the earlier letter, made no mention of the fee's purpose to

provide affordable housing.

 In accordance with Holmdel Builder's Association v. Township

of Holmdel, 121 N.J. 550, 566-73 (1990), the Borough exercised its

authority under the Fair Housing Act of 1985, N.J.S.A. 52:27D-301

to -329, to adopt Ordinance #5-2005 on April 26, 2005 (the 2005

Ordinance). The Ordinance required developers of residential

units to pay affordable housing development fees in accordance

with the New Jersey Council on Affordable Housing (COAH)

regulations. Specifically, Section 3.a of the 2005 Ordinance

obligated residential developers to "pay a development fee of one

(1%) percent of the equalized assessed value for each residential

unit constructed or expanded[.]"

 The 2005 ordinance required that "[f]ees collected pursuant

to this Ordinance shall be used for the sole purpose of providing

low and moderate income housing opportunities and assistance." It

also mandated the creation of a housing trust fund, into which all

 4 A-1433-15T1
development fees paid by developers were to be deposited, and that

"[n]o money shall be expended from the housing trust fund unless

the expenditure conforms to a spending plan approved by COAH."

Pursuant to the Ordinance, "[d]evelopers shall pay [fifty percent]

of the calculated development fee to the Borough . . . at the time

of the issuance of a building permit," and the balance "prior to

the issuance of a certificate of occupancy."

 On September 12, 2006, the Borough introduced a revised

development fee ordinance (the 2006 Ordinance), which it submitted

to COAH the following day. In seeking COAH's approval, the Borough

certified in a letter dated September 1, 2006 that it had not

allocated any COAH payments pursuant to the 2006 Ordinance as of

that date. On October 3, 2006, COAH adopted a resolution approving

the Borough's 2006 Ordinance, thus allowing the Borough to begin

collecting development fees upon its formal adoption of the

Ordinance. On October 11, 2006, the Borough adopted the 2006

Ordinance and repealed the 2005 Ordinance. The 2006 Ordinance

made no relevant substantive changes to the 2005 Ordinance, and

both ordinances provided for the one per cent development fee for

affordable housing purposes.

 The Planning Board's August 21, 2006 resolution approving 55

Locust's development application contained the following

provision:

 5 A-1433-15T1
 The Applicant shall pay the Borough [an]
 amount equal to one percent (1%) of the sale
 price of the property as set forth in a letter
 agreement dated June 7, 2006. It is further
 understood that such is payable in
 installments with [fifty percent] of the
 estimated amount payable within [thirty] days
 after the receipt of the final site plan
 approval; and remainder payable at the time
 of the closing of each unit, with the amount
 payable at that time to be equal to [one
 percent] of the sales price, minus the
 allocable share of the estimated amount paid
 after site plan approval. This condition
 shall be included in a Developer's Agreement
 between the Applicant and the Borough.

 On December 21, 2006, the Borough acknowledged receipt of 55

Locust's $250,000 payment, which the Borough noted was for

"Developer[']s Agreement." Marom later certified that he "always

understood that these funds were to be used by the Borough for

affordable housing purposes as set forth in the municipal

ordinances." The Borough deposited the $250,000 payment into its

general fund and included it in its 2007 budget as a special item

of general revenue, rather than depositing it in the affordable

housing trust fund.

 Throughout 2007 and 2008, 55 Locust and the Borough negotiated

and exchanged draft versions of the Developer's Agreement required

by the Board's August 21, 2006 resolution. On October 21, 2008,

the Borough adopted Resolution #381-2008 (the 2008 Resolution)

 6 A-1433-15T1
approving the final form of Developer's Agreement. In pertinent

part, the Developer's Agreement provided:

 2. Contribution. [55 Locust] shall pay
 to [the Borough] a sum equal to one (1%)
 percent of the sale price of the property (the
 "Contribution") to be used for low and
 moderate housing goal purposes, as determined
 by [the Borough]. The Contribution shall be
 paid in the following manner:
 (A) $250,000[] at or before the
 execution of this Agreement, receipt of which
 is hereby acknowledged; and
 (B) an amount equal to one (1%)
 percent of the initial sales price, less the
 sum of $3,049[], upon the application for each
 [c]ertificate of [o]ccupancy for each
 residential unit. Not less than twenty days
 prior to the issuance of a [c]ertificate of
 [o]ccupancy, [55 Locust] shall submit to [the
 Borough], a worksheet showing the sales price
 of the unit and the calculation of the
 proposed payment[.]

 [(Emphasis added).]

 55 Locust did not proceed with its approved development or

execute the Developer's Agreement. Instead, on November 16, 2010,

55 Locust entered into a contract to sell the Property to

AvalonBay. The contract twice referenced "the affordable housing

fee." First, it provided that in addition to the purchase price,

"[AvalonBay] shall also reimburse [55 Locust] at 'Closing' . . .

for the payment of the affordable housing fee in the amount of

[$250,000]." Second, 55 Locust warranted and represented to

 7 A-1433-15T1
AvalonBay that "[55 Locust] has previously paid the Borough of

Roseland [$250,000] as partial payment for an affordable housing

fee related to the prior land use approvals for the Property.

Exhibit 7.1(o) reflects evidence of such payment by [55 Locust]."

 On December 17, 2012, the Planning Board adopted a resolution

memorializing its November 19, 2012 approval of AvalonBay's

application to construct 136 residential units on the Property.

Among its other conditions, the resolution required AvalonBay to

"execute a Developer's Agreement to be prepared by the Borough of

Roseland." On December 13, 2013, AvalonBay closed on the property

and reimbursed 55 Locust the $250,000 development fee it previously

paid to the Borough.

 AvalonBay and the Borough executed a Developer's Agreement

on February 27, 2014. The 2014 Developer's Agreement provided,

among other things, that AvalonBay comply with all state and local

laws, regulations, and ordinances, including COAH.

 When AvalonBay applied for building permits in connection

with its development of the Property, it claimed a $250,000 credit

for the affordable housing assessment. However, the Borough denied

that the $250,000 paid by 55 Locust was for affordable housing

purposes, and consequently it refused to issue building permits

for the development. On April 24, 2014, the parties entered into

an interim Agreement, pursuant to which the Borough agreed to

 8 A-1433-15T1
issue building permits and AvalonBay agreed that final

certificates of occupancy "shall not be issued until the [d]ispute

is resolved either by the courts or the agreement[] of the parties

and [AvalonBay] pays the entire proper development fee it is

obligated to pay, if any."

 Continued discussions between the parties in May and June

failed to yield a final agreement. AvalonBay commenced this action

on July 8, 2014, seeking a declaration that it was entitled to a

credit for the $250,000 development fee that 55 Locust had paid

the Borough. Shortly thereafter, and before discovery commenced,

AvalonBay moved for summary judgment. The Borough opposed the

motion, arguing that a material factual dispute existed regarding

whether 55 Locust's prior payment was for affordable housing

purposes. The Borough also cross-moved for summary judgment,

contending it was entitled to retain 55 Locust's entire $250,000

payment and that AvalonBay remained obligated to pay its affordable

housing fee in full, with no credit.

 Following oral argument on December 19, 2014, the court found

that the $250,000 payment "was directly for affordable housing by

55 Locust." After supplemental briefing, the court entered an

order on February 6, 2015, in which it noted that the Borough "is

not entitled to retain [the] $250,000 paid by 55 Locust." The

court further found that 55 Locust had standing to sue the Borough

 9 A-1433-15T1
for the $250,000, but that 55 Locust's standing had not transferred

to AvalonBay.

 On May 27, 2015, the Borough filed a motion for

reconsideration, arguing that the court should have dismissed

AvalonBay's complaint upon finding that it lacked standing to

claim the credit. AvalonBay opposed the motion and cross-moved

for reconsideration. During oral argument on June 26, 2015, the

court reiterated its earlier finding that 55 Locust paid the

$250,000 for affordable housing purposes and that "the [B]orough

had no right to retain it." However, relying on White Birch Realty

Corporation v. Gloucester Township Municipal Utilities Authority,

80 N.J. 165 (1979), the court found that the provisions of the

sales contract between 55 Locust and AvalonBay sufficed to confer

standing on AvalonBay as assignee to seek credit for the $250,000

it had reimbursed 55 Locust at closing. The court entered a

memorializing order granting in part AvalonBay's cross-motion, and

denying the Borough's reconsideration motion.

 AvalonBay filed a second summary judgment motion on September

24, 2015. The Borough opposed the motion, arguing that summary

judgment was inappropriate because the purpose of 55 Locust's

$250,000 payment was in dispute, and the parties had yet to conduct

any discovery. On October 23, 2015, the court granted AvalonBay's

motion, ruling that AvalonBay was entitled to the $250,000 credit

 10 A-1433-15T1
based on 55 Locust's prior development fee payment, thus leaving

a remaining balance of $2491 owed by AvalonBay to fully satisfy

its obligation under the Borough's affordable housing development

fee ordinance. Although AvalonBay subsequently tendered the $2491

payment, the Borough refused to accept it. The Borough now appeals

the trial court's February 6, 2015, June 26, 2015, and October 23,

2015 orders.

 II.

 On appeal, the Borough argues that the trial court erred in

entering summary judgment in favor of AvalonBay. Specifically,

the Borough argues that the court (1) improperly decided a disputed

issue of material fact by determining that 55 Locust's $250,000

payment was a development fee intended for affordable housing

purposes; (2) improperly shifted the burden to the Borough to

explain what lawful purpose the $250,000 payment was for, if not

affordable housing; (3) erroneously ordered relief outside the

scope of the pleadings; (4) failed to address the Borough's

defenses; (5) failed to order discovery; and (6) failed to issue

findings of fact and conclusions of law to support its decisions.

We do not find these arguments persuasive.

 The summary judgment standard is well-established. A trial

court must grant a summary judgment motion if "the pleadings,

depositions, answers to interrogatories and admissions on file,

 11 A-1433-15T1
together with the affidavits, if any, show that there is no genuine

issue as to any material fact challenged and that the moving party

is entitled to a judgment or order as a matter of law." R. 4:46-

2(c); see also Brill v. Guardian Life Ins. Co. of Am., 142 N.J.

520, 529-30 (1995). "An issue of fact is genuine only if,

considering the burden of persuasion at trial, the evidence

submitted by the parties on the motion, together with all

legitimate inferences therefrom favoring the non-moving party,

would require submission of the issue to the trier of fact." R.

4:46-2(c). If the evidence submitted on the motion "'is so one-

sided that one party must prevail as a matter of law,' the trial

court should not hesitate to grant summary judgment." Brill,

supra, 142 N.J. at 540 (quoting Anderson v. Liberty Lobby, Inc.,

477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202, 214

(1986)).

 When a party appeals from a trial court order granting or

denying a summary judgment motion, we "employ the same standard

[of review] that governs the trial court." Henry v. N.J. Dep't

of Human Servs., 204 N.J. 320, 330 (2010) (quoting Busciglio v.

DellaFave, 366 N.J. Super. 135, 139 (App. Div. 2004)). Thus, we

must determine whether there was a genuine issue of material fact,

and if not, whether the trial court's ruling on the law was

correct. Prudential Prop. & Cas. Ins. Co. v. Boylan, 307 N.J.

 12 A-1433-15T1
Super. 162, 167 (App. Div.), certif. denied, 154 N.J. 608 (1998).

We review legal conclusions de novo. Henry, supra, 204 N.J. at

330.

 Applying these standards, we conclude that AvalonBay was

entitled to summary judgment as a matter of law. In support of

its motions, AvalonBay presented Marom's May 15, 2006 letter, his

certification, the 2008 Developer's Agreement approved by the

Borough, and the 55 Locust/AvalonBay contract of sale. Viewed as

a whole, this evidence amply and persuasively established that 55

Locust paid the $250,000 development fee to the Borough for the

purpose of providing affordable housing. In contrast, the Borough

presented no competent evidence, or even a suggestion, of any

other purpose, lawful or unlawful, for which the payment was made.

Nor did the Borough identify any law, regulation, or ordinance,

distinct from its 2006 Ordinance, which would permit it to collect

a $250,000 payment from a real estate developer. We conclude that

the record fully supports the court's finding that 55 Locust paid

the $250,000 for affordable housing purposes and that "the

[B]orough had no right to retain it." Indeed, the Borough's own

ordinance expressly provides that all such development fees be

deposited into a housing trust fund, and not be expended absent

COAH approval. The Borough's willful or negligent failure to

segregate the funds for affordable housing purposes provides no

 13 A-1433-15T1
support for its contention that the $250,000 development fee was

not intended for such purposes.

 While summary judgment is often inappropriate when discovery

has not been completed and "critical facts are peculiarly within

the moving party's knowledge," Velantzas v. Colgate-Palmolive Co.,

109 N.J. 189, 193 (1988) (quoting Martin v. Educ. Testing Serv.,

Inc., 179 N.J. Super. 317, 326 (Ch. Div. 1981)), the Borough has

not shown that further discovery would have changed the relevant

facts. See Wellington v. Estate of Wellington, 359 N.J. Super.

484, 496 (App. Div.), certif. denied, 177 N.J. 493 (2003); Auster

v. Kinoian, 153 N.J. Super. 52, 56 (App. Div. 1977). In fact, the

Borough was uniquely positioned to provide evidence of the purpose

for which it received $250,000 from 55 Locust, yet it completely

failed to do so. Accordingly, the Borough will not be heard to

complain about the granting of summary judgment because of

incomplete discovery.

 The Borough's argument that AvalonBay's action was time-

barred merits little discussion. The Borough first contends that

AvalonBay violated Rule 4:69-6(a) by filing its complaint more

than forty-five days after the right to review accrued and,

consequently, the trial court should have denied AvalonBay's

motions and dismissed its complaint. Pursuant to Rule 4:69-6(a),

generally an action in lieu of prerogative writs must be filed

 14 A-1433-15T1
within forty-five days "after the accrual of the right to the

review, hearing or relief claimed."1 "The Rule does not define by

its terms when rights 'accrue' to trigger the forty-five-day

period, but instead leaves the question of accrual to substantive

law." Harrison Redev. Agency v. DeRose, 398 N.J. Super. 361, 401

(App. Div. 2008) (citations omitted).

 Here, the parties continued to negotiate their differences

in May and June 2014. It was not until a June 16, 2014 telephone

conversation between counsel that AvalonBay concluded that further

discussions would be futile. AvalonBay filed its complaint on

July 8, 2014, clearly well within the forty-five-day limitation

period prescribed by Rule 4:69-6(a).

 The Borough alternatively argues that AvalonBay's action is

barred by the six-year statute of limitations that applies to

contract actions. N.J.S.A. 2A:14-1. Specifically, the Borough

contends the six-year limitations period began to run on December

21, 2006, the date 55 Locust paid its development fee to the

Borough, and thus expired well before AvalonBay filed its complaint

in July 2014. However, the present action does not assert a claim

for breach of contract. Rather, it is an action in lieu of

1
 The time for filing the complaint may, however, be enlarged
pursuant to Rule 4:69-6(c) "where it is manifest that the interest
of justice so requires."

 15 A-1433-15T1
prerogative writs, which is governed by the forty-five-day time

limit embodied in Rule 4:69-6. See Mason v. City of Hoboken, 196

N.J. 51, 68-69 (2008).

 The Borough further argues that (1) the doctrines of waiver,

laches, and estoppel preclude AvalonBay's entitlement to an

affordable housing credit, and (2) on reconsideration, the trial

court abused its discretion in concluding that AvalonBay had

standing to claim the credit. We find insufficient merit in these

arguments to warrant additional discussion in a written opinion.

R. 2:11-3(e)(1)(E).

 Affirmed.

 16 A-1433-15T1