**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3760-14T2

MATTHEW KEEFE,

    Plaintiff-Appellant/
    Cross-Respondent,

v.

XAVIER FERNANDEZ, CHRISTINA A.
IMPELLETIERE, FEDERICO FARIA,
JIMMY D'S BLUES SALOON, ANA
MAYERS, STATE OF NEW JERSEY,
NEW JERSEY DEPARTMENT OF
TRANSPORTATION, COUNTY OF BERGEN,
BOROUGH OF TETERBORO, BOROUGH
OF MOONACHIE, TOWNSHIP OF SOUTH
HACKENSACK, NEW JERSEY MEADOWLANDS
COMMISSION, TAIS HERNANDEZ, and
AMY CHARTOFF,

    Defendants,
and

BOROUGH OF RIDGEFIELD, RIDGEFIELD
FIRE DEPARTMENT, TRUSTEES OF
RIDGEFIELD LADDER COMPANY NO. 1,
GARY CHARTOFF, and ANDREW CHARTOFF,

    Defendants-Respondents,
and

MELISSA CHARTOFF,

    Defendant-Respondent/
    Cross-Appellant.

_____

Argued February 1, 2017 — Decided June 30, 2017

Before Judges Alvarez and Manahan.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-2250-11.

Rosemarie Arnold argued the cause for appellant/cross-respondent (Law Offices of Rosemarie Arnold, attorneys; Ms. Arnold and Paige R. Butler, on the briefs).

Ian C. Doris argued the cause for respondents Borough of Ridgefield, Ridgefield Fire Department, Trustees of Ridgefield Ladder Company No. 1, Gary Chartoff, and Andrew Chartoff (Keenan & Doris, LLC, attorneys; Thomas A. Keenan, of counsel; Bernadette M. Peslak, on the brief).

Anthony J. Accardi argued the cause for respondent/cross-appellant (Accardi & Mirda, P.C., attorneys; Mr. Accardi, of counsel and on the brief).

PER CURIAM

Plaintiff Matthew Keefe appeals from a jury verdict finding no cause of action against the only remaining defendant, Melissa Chartoff (Chartoff), in his personal injury action against multiple parties. He also appeals the court's earlier ruling granting summary judgment to defendants Gary and Andrew Chartoff.[1] Chartoff cross-appeals the court's partial denial of an earlier

---

[1] We will refer to them as Gary and Andrew in order to avoid confusion with Chartoff, since the three are family members who share the same last name. We collectively refer to Chartoff, Gary, and Andrew as "the Chartoffs."

motion for summary judgment. That decision left intact for trial the fifth count of Keefe's third amended complaint. We now affirm.

Briefly, Keefe was severely injured when he was struck by a drunken driver. The extent and nature of his injuries are not in dispute. The responsible driver, Xavier Fernandez, allegedly became intoxicated while attending a baby shower at a fire hall.

The issue in dispute is whether Chartoff's contributions to the baby shower arrangements caused her to fall within the purview of the social host statute, N.J.S.A. 2A:15-5.5 to -5.8. The same question arises as to Gary and Andrew with regard to the motion for summary judgment.

Chartoff, Maggie Ramirez, and Thais Hernandez were close friends. Ramirez and her husband Federico Faria were expecting, and Faria wanted to organize a baby shower, consisting of a large number of his friends and members of his family. He asked Chartoff to arrange the use of the Ridgefield Fire Department social hall through her father, Gary, who is a fireman and member of Ridgefield Hose Company No. 1. Chartoff was also responsible for printing the shower invitations, which were distributed by Faria mainly through his barber shop. She also carried decorations to the hall before the party. Faria employed the services of a bartender and a disc jockey for the party.

Chartoff's brother Andrew, also a fireman, represented the Ridgefield Hose Company No. 1 during the party — which meant he was responsible for cleanup afterwards and was required to be present during the party to ensure the premises were not damaged.

The Chartoffs had nothing to do with making up the guest list, distributing invitations, selecting food or drink, or any other aspect of hosting the event. Chartoff testified that she was acquainted with no more than ten people at the shower, including her mother and the parents-to-be. Neither she nor anyone in her family were acquainted with Fernandez, and neither Chartoff nor Gary recalled seeing him during the party.

The trial took place over twenty-one days, ending on January 14, 2015. During her summation, which the trial judge interrupted four times, Keefe's attorney attacked the truthfulness of the defense witnesses, including the Chartoffs, and counsel. As the trial judge described it, Keefe's attorney said that "the defense case was set up[,]" and that Chartoff's attorney attempted to confuse or mislead the jury.

Keefe's attorney objected on the record, before deliberations, to the instruction the judge proposed to give the jury about her summation. The basis for Keefe's attorney's objection was twofold, that Chartoff's counsel had attacked her during his summation, and that although an instruction regarding

inappropriate comments by both attorneys might be warranted, she should not be singled out for criticism. Keefe's counsel was also concerned that the instruction the judge fashioned would completely undermine the theory of the case she had argued to the jury: that the Chartoffs, Faria, and Ramirez had concocted a false narrative so Chartoff could avoid any legal liability. Nonetheless, the judge gave the instruction. The events following summation and the instruction are set forth in detail in the relevant sections.

After the jury returned its no cause of action decision, the judge denied Keefe's motion for judgment notwithstanding the verdict. See R. 2:10-1. Keefe raises the following points for our consideration:

> POINT I
> THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO ANDREW AND GARY CHARTOFF AS AGENTS OF THE RIDGEFIELD HOSE COMPANY NUMBER ONE, INC. IN THE FACE OF FACT ISSUES AS TO WHETHER THEY WERE SOCIAL HOSTS WITHIN THE MEANING OF N.J.S.A. 2A:15-5.5.
>
> POINT II
> THE SUMMARY JUDGMENT IN FAVOR OF ANDREW AND GARY MANIFESTLY DISTORTED THE TRIAL TO PLAINTIFF'S DETRIMENT.
>
> POINT III
> THE JURY VERDICT IN FAVOR OF MELISSA CHARTOFF WAS AGAINST THE WEIGHT OF THE EVIDENCE AND RESULTED IN A MISCARRIAGE OF JUSTICE, COMPELLING A JNOV OR A NEW TRIAL.

A. Melissa Admitted at Trial that she <u>Expressly Invited</u> People to the Baby Shower by, inter alia, Designing, Printing and Putting Labels on the Invitations, as well as <u>Sending</u> Invitations.

B. Melissa's Conduct Amounted to an Implied Invitation.

<u>POINT IV</u>
THE TRIAL COURT'S DECISION TO PERMIT NON-PARTY FARIA TO APPEAR ON THE JURY VERDICT SHEET FOR PURPOSES OF APPORTIONMENT OF FAULT, WAS AN ERROR THAT LED TO AN UNJUST VERDICT.

<u>POINT V</u>
THE TRIAL JUDGE ERRED BY CONTINUOUSLY INTERRUPTING PLAINTIFF'S SUMMATION AND THEN GIVING AN INSTRUCTION SUA SPONTE TO THE JURY AS PART OF ITS CHARGE THAT IMPORTANT ARGUMENTS IN THE SUMMATION SHOULD BE DISREGARDED, DESPITE THE LACK OF OBJECTION BY DEFENSE COUNSEL. THIS RULING DEMEANED COUNSEL AND QUESTIONED HER CREDIBILITY AND SEVERELY UNDERMINED THE ENTIRE PRESENTATION OF PLAINTIFF'S CASE.

A. Summation.

B. Plaintiff's Counsel's Comments during Summation were Completely Legitimate Based Upon the Evidence at Trial.

Chartoff's cross-appeal states:

IN THE EVENT THE APPELLATE COURT VACATES THE JURY VERDICT AND REMANDS FOR A NEW TRIAL, THEN MELISSA CHARTOFF APPEALS THE DENIAL OF HER MOTION FOR SUMMARY JUDGMENT ON THE 5TH COUNT OF THE THIRD-AMENDED COMPLAINT.

A. Standard of Review.

6

A-3760-14T2

B. Melissa Chartoff did not "provide" alcoholic beverages to Xavier N. Fernandez; as such, Melissa Chartoff cannot be held liable for Plaintiff's injuries under N.J.S.A. 2A:15-5.5, et seq.

C. Judge Steele erred as a matter of law in denying Melissa Chartoff's motion, which error warrants the reversal of her order and the grant of summary judgment in Melissa Chartoff's favor.

## I.

## A.

We review a grant of summary judgment de novo, meaning we apply the same standard that governed the trial court. Henry v. N.J. Dep't of Human Servs., 204 N.J. 320, 330 (2010) (citing Busciglio v. Della Fave, 366 N.J. Super. 135, 139 (App. Div. 2004)). Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact challenged, and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c); see Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 529-30 (1995).

In conducting this review, we interpret the facts, and any inferences therefrom, in the light most favorable to the non-moving party. See Lippman v. Ethicon, Inc., 222 N.J. 362, 367

(2015) (citing <u>Brill</u>, <u>supra</u>, 142 <u>N.J.</u> at 523, 540). If there is a genuine issue as to any material fact, summary judgment should be denied. <u>R.</u> 4:46-2(c); <u>Brill</u>, <u>supra</u>, 142 <u>N.J.</u> at 540.

B.

Pursuant to <u>N.J.S.A.</u> 2A:15-5.6, an injured party:

> may recover damages from a social host only if:
>
> (1) The social host willfully and knowingly provided alcoholic beverages either:
>
>> (a) To a person who was visibly intoxicated in the social host's presence; or
>>
>> (b) To a person who was visibly intoxicated under circumstances manifesting reckless disregard of the consequences as affecting the life or property of another; and
>
> (2) The social host provided alcoholic beverages to the visibly intoxicated person under circumstances which created an unreasonable risk of foreseeable harm to the life or property of another, and the social host failed to exercise reasonable care and diligence to avoid the foreseeable risk; and
>
> (3) The injury arose out of an accident caused by the negligent operation of a vehicle by the visibly intoxicated person who was provided alcoholic beverages by a social host.
>
> [<u>N.J.S.A.</u> 2A:15-5.6.]

Keefe objects to the grant of summary judgment, contending that there was a genuine issue of material fact regarding whether

or not Andrew and Gary invited guests to the premises, and whether they were social hosts within the meaning of the statute. In rendering his decision, the judge found that Gary and Andrew did not invite any guests to the shower and were otherwise uninvolved in the arrangements or giving of the party. He also found that Andrew was present during the event solely to ensure the premises were not damaged, and as a representative of the fire company. Accordingly, neither man was a social host within the meaning of the statute.

A social host is defined as:

> a person who, by express or implied invitation, invites another person onto an unlicensed premises for purposes of hospitality and who is not the holder of a liquor license for the premises and is not required to hold a liquor license for the premises . . . , and who legally provides alcoholic beverages to another person who has attained the legal age to purchase and consume alcoholic beverages.

> [N.J.S.A. 2A:15-5.5.]

Gary's involvement was limited to approving the use of the premises. The record is bare of any suggestion that Gary had any other involvement. Nothing in the record suggests that he even knew that alcohol would be served. Thus, he could not be found to have "legally provide[d] alcoholic beverages to another person[.]"

A-3760-14T2

Like his father, Andrew had nothing to do with planning or preparation for the party. His mere presence at the hall does not make him a person who "provided" alcohol to the guests. As a matter of law based on uncontroverted facts, neither was a social host. Summary judgment was properly granted.

### C.

Little needs to be said about Keefe's claim that the grant of summary judgment to Gary and Andrew "manifestly distorted the trial to [Keefe's] detriment[.]" Undoubtedly, the case would have been stronger had Keefe been able to establish that the baby shower was a "joint Chartoff family event[.]" That would have required entirely different circumstances than those we see in the record, however. Hence, the grant of summary judgment to Gary and Andrew did not in any way prejudice plaintiff's presentation. The point is so lacking in merit as to not warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

### II.

### A.

We should not reverse a trial court's denial of a motion for judgment notwithstanding the verdict (JNOV) unless it "clearly appears that there was a miscarriage of justice under the law." R. 2:10-1. In reaching a decision, we focus "on whether the evidence submitted to the jury, and any legitimate inferences

which can be drawn from that evidence, support the jury verdict." Wade v. Kessler Institute, 343 N.J. Super. 338, 354 (App. Div. 2001) (citing Sons of Thunder, Inc. v. Borden, Inc., 148 N.J. 396, 415 (1997)). In performing this review, we "must accept as true all evidence supporting the position of the party defending against the motion and must accord that party the benefit of all legitimate inferences which can be [deduced from the evidence]." Besler v. Board of Educ. of West Windsor-Plainsboro Regional School Dist., 201 N.J. 544, 572 (2010) (alteration in original) (quoting Lewis v. Am. Cyanamid Co., 155 N.J. 544, 567 (1998)). The jury's factual determinations should only be disturbed if the reviewing court finds that the jury could not have reasonably reached its verdict on the evidence presented at trial. Sons of Thunder, supra, 148 N.J. at 415.

A trial judge "shall grant" a motion for a new trial "if, having given due regard to the opportunity of the jury to pass upon the credibility of the witnesses, it clearly and convincingly appears that there was a miscarriage of justice under the law." R. 4:49-1(a). We review a trial court order denying a new trial under essentially the same standard as that applied by the trial court. Hill v. N.J. Dept. of Corr., 342 N.J. Super. 273, 302 (App. Div. 2001) (citing R. 2:10-1). "This standard applies whether the motion is based upon a contention that the verdict was

against the weight of the evidence, or is based upon a contention that the judge's initial trial rulings resulted in prejudice to a party." Ibid. (citing Crown v. Campo, 136 N.J. 494, 510-12 (1994)). If there was legal error during the trial, we also accord deference to the trial judge's evaluation of the prejudice that resulted, and whether that prejudice contributed to an unjust result. Ibid. (citing Crown, supra, 136 N.J. at 512).

B.

We simply cannot agree with Keefe that the denial of his motion for JNOV was a miscarriage of justice under the law. There was no proof that Chartoff did anything more than print invitations and help in securing the hall. Chartoff had nothing to do with the creation of the guest list, the provision of food, or the provision of drinks. Of the 100 or so partygoers, she knew about ten of them. To the best of her knowledge, Chartoff never saw the driver. She did not provide anyone with alcohol at the event. Accepting Chartoff's evidence as true, and giving her the benefit of all favorable inferences, it does not appear that the jury reached an unjust result. There was no evidence to support finding Chartoff a social host.

Nor was the verdict a miscarriage of justice. A motion for a new trial "should be granted only where to do otherwise would result in a miscarriage of justice shocking to the conscience of

A-3760-14T2

the court." Risko v. Thompson Muller Auto. Grp., Inc., 206 N.J. 506, 521 (2011). There was no proof that Chartoff was a social host or that she provided the driver with alcohol. The jury's verdict was reasonable in light of the evidence.

III.

A.

The jury is entitled to clear and correct charges, and their absence may constitute plain error. Wade v. Kessler Inst., 172 N.J. 327, 341 (2002). However, we will not disturb a jury's verdict "where the charge, considered as a whole, adequately conveys the law and is unlikely to confuse or mislead the jury, even though part of the charge, standing alone, might be incorrect." Ibid. (quoting Fischer v. Canario, 143 N.J. 235, 254 (1996)). See also, Sons of Thunder, supra, 148 N.J. at 418. The same standard of review applies to jury interrogatories and verdict sheets. Ibid.

The four-page verdict sheet asked in the first question:

> 1.   Has plaintiff Matthew Keefe proven by a preponderance of the evidence that Melissa Chartoff was a social host, as defined by law, by either expressly or impliedly inviting another person or persons to the party on January 22, 2011?
>
> Yes_____   No___√___   Vote___8-0___
>
> If you answered "yes" to this question, then proceed to answer question #2; if

> you answered "no" to this question, then stop your deliberations, proceed no further and return your verdict.

The jury decided that Chartoff was not a social host, and therefore stopped deliberations after the first question. The argument raised by Keefe that the driver should not have been included on the later questions is essentially moot as the jury never reached those questions.

Nonetheless, we briefly reiterate well-established legal principles. The court was required to include Faria under the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 to -5.8. "[T]he trier of fact must allocate the percentage of fault among the settling and non-settling defendants to enable the court to calculate the percentage attributable to the non-settlers." Brodsky v. Grinnell Haulers, Inc., 181 N.J. 102, 112-113 (2004) (citing Young v. Latta, 123 N.J. 584, 592 (1991)).

It is well established that a defendant who is not protected by statutory immunity, but was dismissed from the case on some other grounds, "remains a 'party' to the case for the purpose of determining the non-settling defendant's percentage of fault." Town of Kearny, supra, 214 N.J. at 100 (quoting Brodsky, supra, 181 N.J. at 113); see also R. 4:7-5(c); Verni ex rel. Burstein v. Harry M. Stevens, Inc., 387 N.J. Super. 160, 205, 215 (App. Div. 2006) (reversing grant of motions for summary judgment filed by

personal injury plaintiff on behalf of settling defendants in order to bar allocation of fault to settling defendants), <u>certif. denied</u>, 189 <u>N.J.</u> 429 (2007).

Likewise, it does not matter that defendants failed to properly serve their cross-claim for contribution against Faria. In <u>Young v. Latta</u>, <u>supra</u>, 123 <u>N.J.</u> at 586, the Court held this credit "is available in every case in which there are multiple defendants, whether or not a cross-claim for contribution has been filed."

Accordingly, mention of Faria had no impact on the jury's verdict because they never reached the pages of the verdict sheet that mention him, much less the question. In any event, the judge's decision to include him was correct on the law.

IV.

Finally, we address Keefe's contention that the judge erred by interrupting her summation and giving the jury instruction regarding her summation comments. We note that despite identifying the interruptions, Keefe does not explain how they might have affected jury deliberations, the jury's perception of his counsel, or the final verdict. The interruptions, as enumerated by Keefe, were: (1) the court interrupted counsel to only comment on the evidence not to testify; (2) the court criticized counsel's operation of the power point presentation containing slides of

trial testimony; (3) the court interrupted counsel and gave a curative instruction regarding a comment made by Keefe's attorney as to the nonappearance of a nonparty witness; (4) the court interrupted counsel, instructing her not to use the names of jurors when giving hypotheticals. Having considered the entirety of the trial record, we conclude these interruptions do not have the potential to have led the jury to an unfair result.

At the close of Keefe's counsel's summation, Chartoff's attorney moved for a mistrial because of Keefe's attorney's closing comments regarding the alleged conspiracy to protect Chartoff from liability, and the alleged dishonesty of the witnesses. Although she denied the motion, the judge informed counsel that she intended to draft an instruction advising the jury to ignore the statements. She later read the instruction, and allowed Keefe's attorney to fully place her objections to it on the record. The instruction reads:

> The lawyers are here as advocates for their clients. In their opening statements and their summations they have given you and their views of the evidence and their arguments in favor of their client's position. While you may consider their comments, nothing that the attorneys say is evidence. And their summations or their comments are not binding on you, any comment from counsel.
>
> And now jurors, I do have an additional instruction that I wish to give you, that is not in the submission. At this time I address

something with you, the jury, that involves comment of counsel in the summations that you heard yesterday, and in particular with regard to plaintiff's counsel's summation which you heard yesterday afternoon. In that summation, you may have heard or remember comment of plaintiff counsel stating more than once, "the defense case was setup from the beginning to mislead you" or words to that effect. You may have heard or remember other similar or related comment or argument of plaintiff counsel in what she characterized as defense counsel's attempt to confuse you, mislead you, or to present a rouse to you in the defense case.

You are instructed that this argument by plaintiff counsel has no rightful place in proper commentary on the evidence before you. In summations counsel are permitted to argue and comment on the evidence presented and to comment on the credibility of the witnesses presented. These comments by plaintiff counsel were improper and as such you are instructed to disregard argument or comment that suggested to you that the defense is trying to mislead you or rouse you with the evidence.

The point is . . . that you are to consider argument of counsel that does comment on the evidence, and does comment on the credibility of the testimony presented. Nothing that the attorneys say is evidence, either one. And finally, as I've instructed to you previously nothing that either attorney has said is binding upon you.

After reviewing Keefe's summation, we find the instruction was warranted. Impugning the trustworthiness of defense counsel and the character of the defense witnesses and Chartoff herself

when there was no basis in the record to do so required action by the court.

"In general, we afford counsel broad latitude in closing arguments." Tartaglia v. UBS PaineWebber, Inc., 197 N.J. 81, 128 (2008) (citing Bender v. Adelson, 187 N.J. 411, 431 (2006)). However, "it is improper for an attorney to make derisive statements about parties, their counsel, or their witnesses." Szczecina v. PV Holding Corp., 414 N.J. Super. 173, 178 (App. Div. 2010); see also Henker v. Preybylowski, 216 N.J. Super. 513, 518-520 (App. Div. 1987) (noting that the cumulative effect of inappropriate comments by plaintiff's counsel, including remarks on motives and trustworthiness of defense counsel, "probably" entitled defendant to a new trial); Rodd v. Raritan Radiologic Associates, P.A., 373 N.J. Super. 154, 171 (App. Div. 2004) (citations omitted) ("attorneys . . . may not use disparaging language to discredit the opposing party, or witness, . . . or accuse a party's attorney of wanting the jury to evaluate the evidence unfairly, of trying to deceive the jury, or of deliberately distorting the evidence."); Tabor v. O'Grady, 59 N.J. Super. 330, 340-341 (App. Div. 1960) (holding plaintiffs' counsel "far exceeded the bounds of proper comment and argument" by casting "unjustified aspersions on defense counsel's motives" and by describing the defense as "'replete with misleading red herrings'

and . . . based on trickery, shameful conduct, and the pulling of 'stunts'").

We cannot agree with Keefe's counsel's characterization of the trial record. The attacks on Chartoff's attorney and the defense testimony exceeded the bounds of legitimate disagreement. Counsel was clearly using disparaging language with the intent of raising a suspicion in the juror's minds that some unspecified conspiracy was at play to protect Chartoff from liability. That suggestion was not supported by the trial record, exceeded the bounds of proper commentary, and made the issuance of a jury instruction necessary. We also disagree that Chartoff's attorney's summation justified the response.

The judge's instruction was prefaced by the standard model jury charge language regarding the role of attorneys. And although the judge told the jury that the argument that Chartoff's counsel was attempting to mislead them had no "rightful place in proper commentary on the evidence[,]" she went on to discuss the difference between argument and evidence. The judge reiterated that nothing "either" attorney said in summation is evidence. The judge ended with "nothing that either attorney has said is binding upon you."

The instruction was necessitated by Keefe's counsel's summation. It underscored that the arguments made by the attorneys

19

are distinct and separate from the evidence, and that only the jury's independent assessment of that evidence determined the verdict, not the opinion of the judge or attorneys, or any comments they may have made.

V.

Finally, we do not address Chartoff's cross-appeal. It is unnecessary in light of our decision to affirm the jury's verdict.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION